No. 2521.  HARGROVE *v.* WASHINGTON.  November Term, 1889.  Appeal dismissed, no brief or points and authorities having been filed as required by the rules.  See Rules 8 and 11.  Order PER CURIAM January 29, 1890.

No. 2522.  HOLLY *v.* BLACKMAN.  November Term, 1889.  Action of claim and delivery in a trial justice's court for the possession of a horse.  Plaintiff claimed that the horse went into defendant's possession under a "conditional sale"—to be his when paid for—and that the note given as further evidence of the amount to be paid for such horse (and a wagon) had never been paid by defendant.  Defendant claimed that he had purchased the horse from another person.  Parol testimony was offered without objection to show the real agreement of the parties, but when such testimony was again elicited in reply, defendant objected.  The trial justice gave judgment for plaintiff and the Circuit Judge (Wallace) sustained the judgment below.  Defendant appealed to this court, alleging error in receiving the parol testimony.  *Held*, that there was no error in receiving such testimony, because—

1. The action was not on the note, and the testimony did not contradict or add to the note, nor did the note contain, or pretend to contain, all or any of the terms of the agreement, but was only an evidence of the debt intended to be created.

2. The testimony was also competent, because not objected to at the proper time.

Judgment affirmed.  OPINION by MR. JUSTICE MCIVER, filed February 11, 1890.  *W. A. Holman*, for appellant.  *M. B. Woodward*, contra.

No. 2525.  ELLIS *v.* SANDERS.  November Term, 1889.  This was an action of foreclosure, and the only point at issue was the amount of interest payable on the bond secured by the mortgage.  The bond bore date April 16, 1872, and was in the penal sum of $1,936, with the following condition : "The condition of the above obligation is such that if the above bound Mrs. Mahala Bassett, her heirs, executors, or administrators, shall and do well and truly pay, or cause to be paid, unto the above named Nathaniel W. Ellis, his certain attorneys, executors, or adminis-